United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**F I L E D**
September 17, 2013

Lyle W. Cayce
Clerk

No. 12-50166
Summary Calendar

D.C. Docket No. 3:10-CR-2213-15



UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

ROBERTO ANGEL CARDONA, also known as Little Angelito,

  Defendant - Appellant

Appeal from the United States District Court for the
Western District of Texas, El Paso

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

ISSUED AS MANDATE: OCT 9   2013

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
Deputy   OCT 9   2013

New Orleans, Louisiana

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
September 17, 2013
Lyle W. Cayce
Clerk

No. 12-50166
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO ANGEL CARDONA, also known as Little Angelito,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2213-15

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Roberto Angel Cardona appeals the life sentence imposed following his guilty plea conviction for conspiracy to conduct the affairs of an enterprise, namely, the Barrio Azteca organization, through a pattern of racketeering activity. Cardona seeks resentencing based on three alleged procedural errors.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). The district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interpretation or application of the Guidelines is reviewed *de novo*, and its factual findings are reviewed for clear error. *Id.* at 472. "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Harris*, 597 F.3d 242, 250 (5th Cir. 2010) (quotation marks and citation omitted).

For the first time on appeal, Cardona contends that the district court either mistakenly believed that the offense of conviction carried a mandatory minimum sentence or treated the United States Sentencing Guidelines as mandatory. We review this claim for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The record, when viewed in its entirety, does not support Cardona's allegation that the district court believed the offense carried a mandatory minimum sentence or that the court was unaware of the various sentencing alternatives under the advisory Guidelines. At rearraignment, the district court stated only the maximum term of imprisonment (life); the district court did not admonish Cardona regarding any minimum term. The district court also confirmed that Cardona understood the advisory nature of the Guidelines and how they would be applied in his case. At sentencing, which proceeded for over three hours, defense counsel clarified that a life sentence was the statutory maximum term. Additionally, the district court heard testimony from three witnesses, as well as argument and objections from the defense, regarding the Guidelines calculations and Cardona's request for a sentence below the recommended term of life imprisonment. Finally, the district court's sentencing colloquy demonstrates the court was aware of its discretion. Because the factual allegations underlying the instant challenge are not supported by the record, Cardona has not shown error, plain or otherwise.

Next, Cardona claims that the district court erroneously applied the sentencing enhancements based on testimony that was not credible and that was internally inconsistent. In support, he generally attacks the testimony of the

three Government witnesses on the issues of leadership within the Barrio Azteca organization, acts of violence, and a kidnaping of an unknown man in 2007. These attacks apparently call into question the district court's application of the four-level enhancements pursuant to U.S.S.G. § 3B1.1(a) based on Cardona's aggravating role in the offense, the two-level use-of-violence enhancement pursuant to § 2D1.1(b)(2), and the two-level enhancement pursuant to § 2B3.2(b)(3)(B) based on Cardona's participation in the kidnaping. Any claims of error regarding the other enhancements applied by the district court are waived by virtue of inadequate briefing. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

Cardona's challenge to the application of the above-mentioned enhancements finds no convincing support in the record. In support of the aggravating role enhancements, the Government elicited testimony that, by 2007 or 2008, Cardona had attained rank within the Barrio Azteca organization and thus was considered to be a "major player." With respect to the use-of-violence enhancement, one of the Government's witnesses testified that (1) Cardona had him beaten up, or "violated," for not standing up to another Barrio Azteca member; (2) he saw Cardona punch another man for giving Cardona "the runaround to pay quota;" and (3) while they were incarcerated together in 2009, Cardona told him that he was going to have another man assaulted because of a money debt. Additionally, with respect to the kidnaping enhancement, the Government elicited testimony from one witness directly implicating Cardona in the planning of the kidnaping, in the summer of 2007, of a man who had been accused of sexually assaulting the daughter of a Barrio Azteca member.

Because the evidence relied on by the district court had a sufficient indicia of reliability, and because the district court's factual findings regarding Cardona's role, his use of violence, and the kidnaping are plausible in light of the record as a whole, Cardona has not shown that the district court erred in

3

overruling his objection to the sentencing enhancements. *See United States v. Cantu-Ramirez*, 669 F.3d 619, 629 (5th Cir.), *cert. denied*, 133 S. Ct. 247 (2012); *Harris*, 597 F.3d at 250. Further, it was within the province of the district court to determine the credibility of the witness's testimony. *See United States v. Ocana*, 204 F.3d 585, 593 (5th Cir. 2000). Such "determinations in sentencing hearings are peculiarly within the province of the trier-of-fact." *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996) (citation omitted).

Cardona's third assignment of error is that, in applying the sentencing enhancements, the district court violated his Sixth Amendment and due process rights and the precedents of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker*, 543 U.S. 220, by considering conduct neither found by a jury nor admitted by Cardona. The authority Cardona cites is inapposite. Post-*Booker*, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009) (internal quotations and citation omitted). Thus, the district court did not violate Cardona's Sixth Amendment or due process rights in finding and considering all facts relevant to the sentencing.

Accordingly, we affirm the judgment of the district court below, but we also remand to the district court for the limited purpose of correcting the statement of reasons accompanying the judgment of conviction to remove the inadvertent check mark indicating that a mandatory minimum sentence was imposed in this case. *See* FED. R. CRIM. P. 36; *United States v. Powell*, 354 F.3d 362, 371-72 (5th Cir. 2003).

AFFIRMED and REMANDED with instruction.

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

October 09, 2013

Mr. William Putnicki  
Western District of Texas, El Paso  
United States District Court  
525 Magoffin Avenue  
Room 108  
El Paso, TX 79901-0000

No. 12-50166   USA v. Roberto Cardona  
USDC No. 3:10-CR-2213-15

Enclosed, for the district court only, is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Record/original papers/exhibits are returned:

( 3 )   SEALED Envelopes

The electronic copy of the record has been recycled.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____  
Nancy F. Dolly, Deputy Clerk  
504-310-7683

cc: (letter only)  
Honorable Kathleen Cardone

Mr. Vincent J. Falvo Jr.  
Mr. Joseph H. Gay Jr.  
Mr. Robert Joseph Perez  
Mr. Brian Dean Skaret

P.S. to Judge Cardone:  A copy of the opinion was sent to your office via email the day it was filed.