

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO

Hector Galindo,           )
                          )
    Petitioner,           )
                          )
                          )
                          )
    vs.                   )   Civil No.
                          )
United States,            )   Crim. No. 10-cr-2213-KC-13
                          )
    Responent.            )

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS

MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255

NOW COMES the Petitioner, Hector Galindo, pro se and pursuant to 28 U.S.C. § 2255, The Rules Governing § 2255 Proceedings, and any and all other applicable legal authority, hereby submits his memorandum of law in support of the § 2255 claims as follows:

GROUND ONE

In Ground One of his § 2255 motion, Galindo argues that the Magistrate Judge did not have authority to conduct his plea hearing and accept his guilty plea under the Federal Magistrate Act (28 U.S.C. § 636), and therefore, the Judgment

of conviction and sentence is void. See (§ 2255 Motion, P. 5).

Galindo also states that he never waived the right to being tried before a United States District Court Judge as set forth under Article III of the United States Constitution. See Art. III, U.S. Const.

LEGAL ANALYSIS

Article III of the United States constitution invests District Court Judges with the power to try criminal cases in Federal District Courts. Art. III, U.S. Const. The Federal Magistrate Act (28 U.S.C. § 636) allows Magistrate Judges to conduct certain proceedings. However, the Act does not authorize Magistrate Judges to preside over felony trials, or to accept felony guilty pleas and adjudge criminal defendants guilty for felony crimes. Id. See also FRCrP 59.

Under Rule 59, a Magistrate Judge may, inter alia, conduct hearings and submit a Report and Recommendation to the district court. However, the rule does not authorize a Magistrate Judge to accept guilty pleas in felony cases.

The Supreme has explained that whether a duty not listed in the statute qualifies as a permissible additional duty depends on whether the duty is comparable to those that are actually listed in the Act. See Peretz v United States, 501 U.S. 923, 931-33 (1991). The "additional duties clause" cannot be stretched to reach acceptance of felony guilty pleas,

2

even with a defendant's consent. See United States v Harden, 2014 U.S. App. Lexis 13458 (7th Cir.)(Decided July 14, 2014) (holding that the acceptance of a guilty plea in a felony case was not authorized by the Federal Magistrate Act, 28 U.S.C. § 636, and in accepting the defendant's guilty plea, even with his consent, the Magistrate Judge violated the Act). See also Gomez v United States, 490 U.S. 858, 872 (1989)("[T]he carefully defined grant of authority to conduct trial of civil matters and of minor criminal cases should be construed as an implicit withholding of the authority to preside at a felony trial.").

    In the instant case, Galindo was charged with very serious felony crimes in which he ultimately received a term of imprisonment for life. Under the Federal Constitution and Statutes implemented by the National Congress, the Magistrate Judge clearly did not have authority to conduct the hearing, accept the guilty plea, and adjudge Galindo guilty of the felony offense.

    In United States v Harden, Supra, 2014 U.S. App. Lexis 13458, the Court of Appeals reversed the Judgment of the district court stating that while the defendant did not allege or show prejudice or criticize the Magistrate Judge's performance, the statute simply did not authorize a Magistrate Judge to accept a felony guilty plea.

    Thus, because the Magistrate Judge was not authorized to accept Galindo's guilty plea and adjudge him guilty, Galindo's conviction and sentence must be vacated and set aside.

## GROUND TWO

In Ground Two of his § 2255 motion, Galindo states that he was denied constitutionally effective counsel:

> Plea counsel failed to explain the law in relation to the facts of the case thereby rendering the guilty plea unknowing and involuntary. Specifically, counsel told Galindo that if he pled guilty, he would receive a sentence between 12-17 years. However, counsel did not explain to Galindo that the facts of the case, as set out in the PSI, would result in numerous U.S.S.G. enhancements thereby raising his base offense level to life. Further, counsel told Galindo that his base offense level could only go as high as 43, and that he would receive a 3-point reduction, suggesting that, at the very most, Galindo would face 360-life, and not just life. Thus, counsel failed to relay such to Galindo so that a voluntary decision could be made. See (§ 2255 Motion, P. 6-7_.

## LEGAL ANALYSIS

The Fifth Amendment to the United States Constitution provides in pertinent part:

> No person shall be held to answer for a capital, or otherwise infamous crime...without due process of law. Amend. V. U.S. Const.

The Constitution also provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherin the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense. See Amend. VI. U.S. Const.

In Strickland v Washington, 466 U.S. 668 (1984) the United States Supreme Court held that the Sixth Amendment right to counsel is the right to the effective assistance of counsel. Id. A defendant making a claim of ineffective assistance of counsel under the Sixth Amendment must show (1) that his counsel's performance was deficient under prevailing professional norms, and (2) that he was prejudiced by his counsel's deficient performance. Id. In other words, the defendant must demonstrate that, but for his counsel's deficient performance, the result of the proceeding would have been different. Id.

In McMann v Richardson, 397 U.S. 759 (1969) the Supreme Court held that a guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonable competent advice. Id at 770-771.

In Boykin v Alabama, 395 U.S. 238 (1969) the Supreme

Court acknowledge that a guilty plea is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. <u>Id at 242</u>. The Court proceeded to hold:

> In <u>Carney v Cochran</u>, 369 U.S. 506 (1962), we dealt with a problem of waiver of the right to counsel, a Sixth Amednment right. We held: Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver. We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. <u>Id at 242-243</u>.

That same year (i.e., 1969) the Supreme Court, in <u>McCarthy v United States</u>, 394 U.S. 455 (1969) held:

> A defendant who enters such a plea simutaneously waives several constitutional rights, including his privlege against compulsory self-incrimination (Malloy v Hogan, 378 U.S. 1 (1964)); his right to trial by jury (Duncan v Louisiana, 391 U.S. 145 (1968); and his right to confront his accusers

(Pointer v Texas, 380 U.S. 400 (1965)); For this waiver to be valid under the Due Process Clause; it must be an intentional relinglishment or abandonment of a known right or privilege (Johnson v Zerbst, 304 U.S. 458, 464 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. Id at 466.

In the instant case, the guilty plea was induced by erroneous legal information. Because counsel failed to conduct an independent investigation into the facts and law relevant to the case, counsel erroneously told Galindo that, if he pled guilty he faced a term of imprisonment of 12-17 years. Further, Galindo did not have an understanding of the applicable law relevant to his case because defense counsel himself apparently did not have an understanding of the relevant law. No reasonable competent attorney would have advised his client to enter a guilty plea without first investigating the facts and law relevant to his client's case, and relaying that information to his client so that his client could make an intelligent and informed decision on whether to plead guilty or go to trial. As proffered in his sworn affidavit, had Galindo been told that he was facing numerous enhancements under the United

States Sentencing Guidelines (USSG) that would result in a Sentencing Guideline range of nothing other than life, he would not have pled guilty, but rather insisted on going to trial where he could not have received one more day over life imprisonment, that he received after pleading guilty. For at trial, there is a reasonable probability that Galindo could have been acquitted on some, if not all, of the charged offenses. Thus, Galindo's guilty plea was not knowingly and intelligently made and is therefore void. See Boykin v Alabama, Surpa, 395 U.S. at 242-243 (1969), and McCarthy v United States, Supra, 394 U.S. at 466 (1969).

In Strickland v Washington, Surpa, 466 U.S. 668 (1984) the Supreme Court held that a criminal defense attorney has a duty to make reasonable investigations or to make reasonable decisions that makes particular investigations unnecessary. Id. Counsel can deprive a defendant of the right to effective assistance simply by failing to render adequate legal assistance. Id.

As the Court is surely aware, "of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have," including, but not limited to, his right to demand a jury trial, a right in which Galindo would have persisted on exercising had he not been erroneously informed by his counsel of the applicable sentencing laws. See Kimmelman v Morrison, 477 U.S. 365, 377 (1986).

In the Federal system, the United States Sentencing Guidelines are extremely important because they have a significant impact on the sentence a criminal defendant will receive. That of course is the very reason the Supreme Court has held that the USSG is the first step in calculating a defendant's sentence, and thus, must be correctly applied. See Gall v United States, 552 U.S. 38 (2007).

Additionally, and as part of inducing the guilty plea, defense counsel erroneously informed Galindo that the highest base offense level he could receive was a level 43 and that if he pled guilty, he would receive a three-level reduction in his base offense level, thereby leading Galindo to believe that, if he pled guilty, his base offense level would not be merely "life." See Attachment A (Affidavit of Hector Galindo).

Thus, not only did defense counsel fail to investigate the federal sentencing laws in relation to the facts of the case, and therefore, failed to inform Galindo of the sentencing enhancements that he faced if he pled guilty, counsel erroneously informed Galindo that if he pled guilty his base offense level would go no higher than 43, and that he would receive a 3-point reduction from the level 43 based on his "acceptance of responsibilty," and saving the government the time and resources required to conduct a jury trial.

Therefore, based on defense counsel's failure to inform Galindo of the USSG enhancements applicable to his case, and further, based on counsel's faulty legal advice

9

that his base offense level could not exceed a level 43, and that he would receive a 3-level reduction from a level 43 if in fact his base offense level was that high, Galindo followed his counsel's advice and pled guilty. However, at the sentencing hearing, the Court applied several USSG enhancements against Galindo, and exceeded the level 43 in doing so. The Court then sentenced Galindo to a term of imprisonment for life.

Thus, not only was defense counsel ineffective, the outcome of the proceeding would have been different but for counsel's deficient performance because Galindo would have insisted on going to trial where, even if convicted, he could not have received one more day in jail.

It has long been recognized that "a lawyer who is not familiar with the facts and law relevant to this client's case cannot meet the required minimal level of effective assistance of counsel." Herring v Estelle, 491 F.2d 125 (5th Cir. 1974). See also Young v Zant, 677 F.2d 792 (11th Cir. 1982), Baty v Balkcom, 661 F.2d 394-95 (5th Cir. 1981), Kemp v Leggett, 635 F.2d 453 (5th Cir. 1981), and Gaines v Hopper, 575 F.2d 1147 (5th Cir. 1978).

In Bullock v Carver, 297 F.3d 1036 (10th Cir. 2002) the Court held that "an attorney's ignorance will affect a Court's ineffective assistance of counsel analysis. An attorney's demonstrated ignorance of law directly relevant to a decision will eliminate Strickland's presumption that the decision was objectively reasonable because it might have been

made for strategic purposes." Id. See also Nelson v Hopkins, 58 F.3d 1331 (8th Cir. 1995)(In assessing counsel's performance, we "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance... However, this presumption is inappropriate if counsel's strategic decisions are made after an inadequate investigation").

Thus, the decision to plead "guilty" or "not guilty" is a decision reserved solely for the accused based on his intelligent and voluntary choice. See Boykin v Alabama, Surpa, 395 U.S. at 243-244. In the instant case, however, Galindo's decision to plead guilty was not based on an "intelligent and voluntary choice." Galindo's guitly plea was based on a lack of knowledge and misrepresentation by his counsel.

Hence, because Galindo's constitutional claims, and evidence in support thereof, demonstrate that defense counsel rendered constitutionally ineffective representation in inducing the guilty plea, the plea cannot stand. Therefore, in the interest of justice, this Court should vacate and set aside Galindo's conviction and sentence and conduct further proceedings as the Court may deem proper.

## GROUND THREE

In Ground Three of his § 2255 motion, Galindo asserts that the prosecutor engaged in prosecutorial misconduct in violation of his Fifth Amendment right to the United States Constitution:

> AUSA Joseph A. Cooley prepared the 'plea agreement' and 'factual basis' in this case. In the Plea Agreement, Cooley states, inter alia, 'The United States agrees to recommend that the defendant be sentenced at the low end of the USSG range, as that range is determined by the Court.' However, the AUSA withheld from the Plea Agreement numerous USSG enhancements that the AUSA was aware of, and aware that he would pursue, thereby raising Galindo's USSG Range to 'life,' resulting in [no] 'low end of the USSG range,' as the AUSA stated in ¶ 17.b. Moreover, at sentencing, the AUSA ensured that Galindo would face nothing other than life by presenting evidence that, under the USSGs, would result in a life sentence. Thus, the Plea Agreement was induced by fraud. see (2255 Motion, P. 8).

## LEGAL ANALYSIS

Attorney misconduct includes "engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation." In re Cook, 551 F.3d 542 (6th Cir. 2008). A petitioner's

prosecutorial misconduct claim is cognizable on a motion to vacate pursuant to 28 USC 2255, and, the petitioner is entitled to an evidentiary hearing where his claim is neither frivolous nor palpably incredible. United States v Dansker, 565 F.2d 1262 (3rd Cir. 1977).

In Boykin v Alabama, 395 U.S. 238 (1969) the Supreme Court held that a guilty plea is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. Id at 242. If a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. See McCarthy v United States, 394 U.S. 455, 466 (1969).

In the instant case, government counsel offered Galindo a plea agreement that excluded information in which counsel knew at the time that the government would later pursue to ensure that Galindo would receive a life sentence but deliberately withheld from the plea agreement in order to induce the guilty plea. Moreover, government counsel promised that the government would not oppose a sentence at the low end of the guideline range while knowing all along that it would pursue a life sentence as shown by the information provided to the Probation Department, and the evidence it submitted at sentencing where, as a result, the government asked the Court to impose a life sentence.

It is well known that "A plea bargain itself is contractual in nature and subject to contract law standards." See <u>Federal Procedure, Lawyers Edition</u> § 22:960. Moreover, "The law governing the interpretation of plea agreements is an 'amalgam of constitutional, supervisory, and private contract law concerns.'" <u>United States v Wood</u>, 378 F.3d 342, 348 (4th Cir. 2004). In <u>Solymar Investments, Ltd. v Banco Santander S.A.</u>, 672 F.3d 981, 994 (11th Cir. 2012) the Court observed that "fraud in the factum occurs when a party procures a[nother] party's signature to an instrument without knowledge of its true nature or contents."

In this case, the government induced the guilty plea essentially through trickery. The Supreme Court has held that "involuntariness" requires coercive state action, such as trickery, psychological pressure, or mistreatment. See <u>Withrow v Williams</u>, 507 U.S. 680 (1993). Thus, the instant case, the government's trickery is embedded in the record. Under these circumstances, Galindo's guilty plea cannot be said to be of a voluntary nature because had Galindo been told that the government would pursue the U.S.S.G. enhancements and offer evidence at sentencing, while seeking a "life" sentence, contrary to information contained in the plea agreement and information provided through government counsel during plea discussions, Galindo would not have pled guilty and would have insisted on a jury trial. Moreover, while the government said that it would not oppose a lenient sentence, it did just that. See (Sen.Tr).

Thus, the guilty plea was not knowingly, intelligently, and voluntarily made, and therefore, it is void.

## GROUND FOUR

In Ground Four of his § 2255 motion, Galindo asserts that he was denied constitutionally effective counsel on direct appeal where appellate counsel failed to raise the invalidity of his guilty plea, as it was taken by the Magistrate Judge, and he was adjudged guilty by the Magistrate Judge instead of a United States District Court Judge under Article III of the Constitution.

## LEGAL ANALYSIS

The United States Supreme Court has unequivocally held that criminal defendants have a constitutional right to the effective assistance of counsel on direct appeal. See <u>Halbert v Michigan</u>, 545 U.S. 605 (2005) and <u>Evitts v Lucey</u>, 469 U.S. 387 (1985).

The Federal Courts have held that appellate counsel renders ineffective assistance when counsel fails to raise an issue on direct appeal that is obvious and clearly stronger than the issue raised. See <u>Sanders v Cotton</u>, 398 F.3d 572 (7th Cir. 2004).

In the instant case, the Magistrate Judge accepted Galindo's guilty plea and adjudged him guilty without authority to do so. See (2255 Motion, P. 9). The unlawful guilty plea issue was not raised in the district court nor on direct appeal. Had this issue been raised, the judgement of conviction and sentence

would have set aside.

Even though this issue was not raised in the district court, it could have been raised in the appellate court on direct appeal. <u>Johnson v United States</u>, 520 U.S. 461 (1997)(establishing plain error standard). Because the Magistrate was without authority to accept Galindo's guilty plea and adjudeg him guilty, counsel would have prevailed on direct appeal had he raised this issue. His failure to do so meets both prongs of the <u>Strickland</u> test. See <u>Strickland v Washington</u>, 466 U.S. 668 (1984)(holding that a petitioner must show (1) deficient performance, and (2) prejudice).

Hence, had appellate counsel raised this issue on direct appeal, the judgment of conviction and sentence would have been reversed.

<u>GROUND FIVE</u>

In Ground Five of his § 2255 Motion, Galindo asserts that his statutory minimum and maximum sentence was improperly enhanced by the district court, by the preponderance of the evidence, based on facts not admitted by Galindo nor found by a jury beyond a reasonable doubt, and that while defense counsel made objections at sentencing that were overruled by the court, counsel did not pursue the objections on direct appeal even though, while on direct appeal, the Supreme Court decided

Alleyne v United States, 133 S. Ct. 2151 (6/17/2013)(holding that any fact that raises a defendant's statutory minimum sentence must be either admitted by the defendant, or charged in the indictment, proven beyond a reasonable doubt, and submitted to the jury for its verdict).

## LEGAL ANALYSIS

In Apprendi v New Jersey, 530 U.S. 466 (2000) the Supreme Court held that any fact that increases a defendant's statutory maximum sentence must be either admitted by the defendant, or charged in the indictment, proven beyond a reasonable doubt, and submitted to the jury for its verdict. In Alleyen v United States, 133 S. Ct. 2151 (2013), and while Galindo's direct appeal was pending, the Supreme Court extended Apprendi's constitutional requirement to a defendant's statutory [minimum] sentence as well as the maximum sentence. Id.

While the district court violated Apprendi and Alleyne in sentencing Galindo beyond the 0-20 year statutory sentence allowed under 18 USC § 1962 & 1963, defense counsel did not pursue this issue. Moreover, because Alleyne was decided while Galindo was on direct appeal, counsel should have realized that he had an obligation to his client under the Sixth Amendment to bring this issue to the attention of the appellate court. Had he done so, Galindo's life sentence would have vacated on appeal and the case remanded for resentencing.

In <u>United States v Williamson</u>, 183 F.3d 458 (5th Cir. 1999) the appellate court found that defense counsel provided ineffective assistance for failing to raise recent, dispositive precedent that would have resulted in a lower base offense level for the defendant.

In the instant case, counsel had a duty to his client to raise the <u>Apprendi</u> and <u>Alleyen</u> violations before the appellate court. Failing to do so violated the Petitioner's Sixth Amendment right to effective assistance of counsel on direct appeal. See <u>Halbert v Michigan</u>, 545 U.S. 605 (2005) and <u>Evitts v Lucey</u>, 469 U.S. 387 (1985).

Thus, Galindo is entitled to habeas corpus relief. This Court should vacate Galindo's life sentence and sentence him accordingly.

## EVIDENTIARY HEARING REQUESTED

Pursuant to <u>28 USC § 2255</u> and <u>Rule 8</u> of the Rules Governing § 2255 proceedings, the Petitioner is entitled to an evidentiary hearing to fully prove his constitutional claims, and hereby requests that the Court conduct an evidentiary hearing and take testimony from the Petitioner, his defense attorney (orlando Mondragon), and Assistant United States Attorneys George Leal, Brian Skaret, and Joseph A. Cooley because all of these individuals possess information relevant

to Galindo's constitutional claim and this evidence is necessary in order for the Court to make full and fair determination of Galindo's claims. Furthermore, Galindo would preserve the right to call other witnesses as well.

## CONCLUSION

For the above and foregoing reasons, Galindo moves the Court to conduct and evidentiary hearing, vacate his conviction and sentence, and conduct further proceedings as deemed proper by the Court.

Respectfully submitted

_____
Hector Galindo, pro se
Reg. No. 74052-280
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

TO: Clerk of the Court
    U.S. District Court
    W.D. Texas

FROM: Hector Galindo, Pro Se
    Reg. No. 74052-280
    USP McCreary
    P.O. Box 3000
    Pine Knot, KY 42635

DATE: December 3, 2014

RE: Memo of Law in Support of § 2255 Motion

Dear Sir/Ma'am:

Enclosed for filing please find my Memorandum of Law in Support of my § 2255 motion mailed to the Court on or about September 29, 2014, in criminal case no. 10-cr-2213-KC-13.

Thank you for your time and assistance.

Sincerely

Hector Galindo